UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                        Plaintiff(s),<br><br>    v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>                        Defendant(s). | Case No. 2:21-CV-537 JCM (BNW)<br><br>ORDER |

Presently before the court are defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Ticor Title of Nevada, Inc.'s (collectively "defendants") motion to stay this case. (ECF No. 17). Plaintiff U.S. Bank N.A. ("U.S. Bank") does not oppose a stay that excludes the briefing and adjudication of its pending motion to remand. (ECF No. 18).

I.    **BACKGROUND**

This is a yet another breach of contract and insurance bad faith case arising from a denial of U.S. Bank's title insurance claim. (ECF No. 17 at 3). U.S. Bank is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (ECF No. 6 at 2). It alleges that "[a]s part of the loan origination, Ticor Nevada and Chicago Title entered into a contractual relationship with U.S. Bank Trustee's predecessor to insure the Deed of Trust in superior position to competing liens, including the HOA's lien." (*Id.* at 3–4). The HOA eventually foreclosed on its lien in November 2014 and U.S. Bank was left to defend against quiet title claims. (*Id.* at 4). There are two pending motions with briefing in progress: a

James C. Mahan
U.S. District Judge

motion to remand (ECF No. 6) and a motion for attorney's fees and costs incurred in moving to remand (ECF No. 7).

Defendants now move to stay this case until the Ninth Circuit resolves the potentially case-dispositive appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332, Case No. 3:19-cv-00241-MMD-WGC (hereinafter the "*Wells Fargo II* appeal"). According to defendants, there are about 100 of these virtually identical title insurance cases in this district and the "overwhelming majority" have been stayed via stipulation. (ECF No. 17 at 6–7).

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court can enter stays "pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision is committed to the "sound discretion of the court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In deciding whether to grant a stay, courts consider (1) " 'the possible damage which may result' " from granting the stay, (2) " 'the hardship or inequity which a party may suffer in being required to go forward,' " and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

## III.   DISCUSSION

The *Lockyer* factors point toward what should be a reasonably brief stay.[1] The only potential damage from a stay is that the parties will have to wait longer for a resolution. *Accord Nationstar Mortg. LLC v. Westcor Land Title Ins. Co.*, No. 2:20-cv-00972-JAD-EJY,

---

[1] The court notes that briefing in the *Wells Fargo II* appeal was completed in December 2020 and oral argument is being considered so the stay in this case should be reasonably brief. *See Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332.

James C. Mahan
U.S. District Judge

- 2 -

1  2020 WL 7082694, at *2 (D. Nev. Dec. 3, 2020) ("Though [the plaintiff-lender] argues that
2  further passage of time may hinder its ability to obtain discovery in this case, I do not find
3  this argument persuasive."). But as defendants point out, this case has not been litigated with
4  any urgency. (ECF No. 17 at 5–6). The parties have stipulated multiple times to extend the
5  time to answer the complaint and respond to the motion to remand. (ECF Nos. 10, 11, 16).
6  Even though this case turns on a title insurance policy issued in December 2006, an HOA
7  foreclosure sale consummated in November 2014, and a claim denied in April 2015, U.S.
8  Bank waited until April 2021 to file this case. (Compl., ECF No. 1-1 ¶¶ 81, 100, 108).

9  　　The significant overlap between this case and the *Wells Fargo II* appeal means that a
10  stay will reduce potential hardship for both sides and promote the orderly course of justice.
11  These cases involve identical form title policies and endorsements and similar legal theories
12  and claims. If the Ninth Circuit agrees with Chief Judge Du that the policy does not give rise
13  to the claims asserted by national lenders like U.S. Bank, there would be no need for costly
14  discovery here. *See generally Wells Fargo Bank, N.A. v. Fid. Nat'l Ins. Co.*, No. 3:19-cv-
15  00241-MMD-WGC, 2019 WL 5578487 (D. Nev. Oct. 29, 2019).

16  　　Or as defendants put it: "Because it is obvious that one party or the other will try to
17  argue that the *Wells Fargo II* appellate decision will ultimately control the disposition of this
18  case, there is no good reason to incur fees and costs on discovery and motion practice that
19  will necessarily need to be supplemented after the Ninth Circuit speaks." (ECF No. 17 at 6).
20  Even though U.S. Bank disagrees that "a finding in the insurer's favor in *Wells Fargo II*
21  would automatically resolve this case," it does concede that the court "may be in a better
22  position to resolve the issues in this case with the benefit of a decision in *Wells Fargo II*."
23  (ECF No. 18 at 4). For these reasons, this case is stayed for all purposes pending the *Wells
24  Fargo II* appeal.

25  . . .
26  . . .
27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay this case (ECF No. 17) be, and the same hereby is, GRANTED. This case is STAYED for all purposes pending the issuance of the mandate in the *Wells Fargo II* appeal.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 6, 7) are DENIED without prejudice to the parties' ability to refile them after the stay is lifted. The parties must move to lift the stay, reopen this case, and refile any motions within 30 days of the issuance of the mandate in the *Well Fargo II* appeal.

The clerk shall ADMINISTRATIVELY CLOSE this case.

DATED June 9, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -