UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:21-CV-537 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff U.S. Bank National Association, successor in interest to Bank of America National Association, successor by merger to LaSalle Bank National Association as trustee for GSAMP Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1's ("U.S. Bank Trustee") renewed[1] motion to remand (ECF No. 22). Removing defendant Chicago Title Insurance Company ("Chicago Title") responded in opposition (ECF No. 32),[2] to which U.S. Bank Trustee replied (ECF No. 34). Chicago Title also requests that the court take judicial notice of certain records from Nevada's Division of Insurance.[3] (ECF No. 33).

---

[1] U.S. Bank Trustee filed its first motion to remand on May 3, 2021 (ECF No. 6), but the court denied this motion without prejudice when it granted defendants' motion to stay on June 9, 2021, with leave to refile within 30 days of the issuance of the mandate in the *Wells Fargo II* Ninth Circuit appeal. (ECF No. 19). The mandate in the *Wells Fargo II* appeal issued on November 29, 2021, and U.S. Bank Trustee timely filed its renewed motion to remand on December 28, 2021. (ECF No. 22). The court formally lifted the stay on this case on March 21, 2022 (ECF No. 35).

[2] Chicago Title also included opposition to a motion for fees, but there is currently no motion for fees pending.

[3] Chicago Title's request is GRANTED. The court takes judicial notice of the offered records as matters of public record.

**James C. Mahan**
**U.S. District Judge**

## I. BACKGROUND

This is a breach of contract and insurance bad faith case arising from a denial of U.S. Bank Trustee's title insurance claim. (ECF No. 22 at 2). U.S. Bank Trustee is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.* at 4). It alleges that "as part of the loan origination, [defendants] Ticor [Title of] Nevada and Chicago Title entered into a contractual relationship with U.S. Bank Trustee's predecessor to insure the [d]eed of [t]rust in superior position to competing liens, including the HOA's lien." (*Id.*). The HOA eventually foreclosed on its lien in November 2014 and U.S. Bank Trustee was left to defend against quiet title claims. (*Id.*).

U.S. Bank Trustee filed the instant suit in Nevada state court on April 1, 2021. (*Id.*). Chicago Title removed the case to this court the following day, before any defendant was served. (*Id.*; *see also* ECF No. 1 at 3). U.S. Bank Trustee now moves for remand, arguing that Chicago Title's so-called "snap removal" is procedurally improper, and that forum defendant Ticor Title of Nevada, Inc. ("Ticor Title") was not fraudulently joined. (ECF No. 22).

## II. LEGAL STANDARD

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

**James C. Mahan**
**U.S. District Judge**

- 2 -

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

### III. DISCUSSION

#### A. Ticor Title is not a Fraudulently Joined Defendant

The court disregards fraudulently joined defendants when determining if there is complete diversity.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case.  *Hunter*, 582 F.3d at 1044–46.  "Fraudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Both U.S. Bank Trustee and Chicago Title agree that Ticor Title is a citizen of Nevada.  (ECF Nos. 22; 1 at 2 ¶ 3).  But Chicago Title argues that Ticor Title is fraudulently joined.  (ECF No. 32 at 10).  Specifically, Chicago Title argues that since—at the time of the original real estate transaction—Ticor Title was a "title agent"[4] and not a "title insurer,"[5] Ticor Title "did not underwrite the policy" and thus is not a party to the insurance contract; therefore Ticor Title owed no contractual duties to U.S. Bank Trustee and purportedly cannot be held liable on any of U.S. Bank Trustee's currently pleaded theories.  (ECF No. 32 at 12).

---

[4] As defined by NRS 692A.060

[5] As defined by NRS 692A.070

**James C. Mahan
U.S. District Judge**

- 3 -

In response, U.S. Bank Trustee contends that Chicago Title ignores the policy's cover letter which lists Ticor Title as the issuer, a HUD-1 settlement statement which confirms that Ticor Title accepted funds to issue the policy, and a preliminary title report suggesting that Ticor Title is the issuer. (ECF No. 22 at 3). U.S. Bank Trustee says it can hold Ticor Title liable on agency, alter ego,[6] or joint venture grounds. (*Id.* at 11). And ultimately, "even if Ticor [Title] was acting as just a garden variety insurance an agent…that would not absolve it from liability because an agent can be liable under state law theories even if it was not a contracting party to the policy." (ECF No. 22 at 13). The court agrees.

The court has previously rejected similar arguments surrounding fraudulent joinder in analogous cases. *See, e.g., Carrington Mortg. Servs., LLC v. Ticor Title, Inc.*, No. 2:20-cv-699-JCM-NJK, 2020 WL 3892786, at *4 (D. Nev. July 10, 2020); *Deutsche Bank Nat'l Trust Co. v. Fidelity Nat'l Title Gr., Inc. et al*, No. 2:21-cv-00297-JCM-EJY (D. Nev. May 10, 2021).

In essence, the court cannot find Ticor Title is fraudulently joined just because it is not the policy underwriter and the gravamen of this case is breach of contract and insurance bad faith. *See, e.g., Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp.*, Inc., No. 3:20-cv-00535-MMD-CLB, 2021 WL 1254352, at *2 (D. Nev. Apr. 2, 2021) ("Determining that no possible claim . . . could exist because title agents cannot be liable for the claims Plaintiff alleges is premature . . . particularly when the extent of Founders' involvement in the execution of the Policy remains uncertain."); *Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-1461-JCM-NJK, 2020 WL 5898779, at *3 (D. Nev. Oct. 5, 2020) ("[T]he complaint alleges, and the record supports, the notion that Old Republic of Nevada acted as far more than an agent in this case—it issued and executed the subject policy." (internal quotation marks and citation omitted)).

---

[6] Chicago Title contends that U.S. Bank Trustee made "**no allegations regarding alter ego in its [c]omplaint,**" and thus, those alter ego allegations cannot save its breach of contract related causes of action. (ECF No. 32 at 13) (emphasis in original). This is an incorrect statement. U.S. Bank Trustee's complaint plainly alleges alter ego claims against defendants. (*See* ECF No. 1-1 at 22 ¶¶ 122–125.)

Moreover, the viability of U.S. Bank Trustee's claims and theories of liability against local title agents like Ticor Title is currently unclear. *See HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01515-JAD-BNW, 2020 WL 7625233, at *2 (D. Nev. Dec. 22, 2020) (noting the many Nevada title insurance cases on appeal and holding that claims against Fidelity Nevada were not yet "certain losers"); *Wells Fargo*, 2020 WL 5898779, at *3 (discussing claims against a local title agent); *Carrington Mortg. Servs.*, 2020 WL 3892786, at *5 (same).

And Chicago Title's contention that U.S. Bank Trustee's deceptive trade practices claims are time-barred has fallen on deaf ears. (ECF No. 32 at 14); *See HSBC Bank*, 2020 WL 7625233, at *3. Besides, it is genuinely disputed when the statute of limitations began to run, (*see* ECF No. 34 at 10), an issue that should not be decided on a remand motion. *Accord Deutsche Bank*, 2021 WL 1254352, at *3.

All in all, while U.S. Bank Trustee may not ultimately recover from Ticor Title, there is a *possibility* that a Nevada state court could find that the complaint states a cause of action against Ticor Title. Thus, Chicago Title has not met its heavy burden to show by clear and convincing evidence that Ticor Title is fraudulently joined.

**B**. **Chicago Title's Snap Removal was Improper under 28 U.S.C. § 1441(b)(2)**

Because Ticor Title is a properly joined forum defendant, the forum defendant rule in section 1441(b)(2) applies. The court must now consider if Chicago Title's snap removal was proper.

Snap removal is the tactic of removing a diversity case before a forum defendant has been served. The Second, Third, Fifth, and Sixth circuits endorse the tactic[7] but the Ninth has not squarely addressed it. Snap removal is performed against the backdrop of the forum defendant rule, which "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936. Unlike jurisdictional rules, procedural rules may not be addressed *sua sponte* by the court. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir.

---

[7] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001).

2005). The forum defendant rule's characterization as a procedural, rather than jurisdictional, rule has led to this new form of jurisdictional gamesmanship in litigation.[8]

Chicago Title relies on circuit cases outside the Ninth Circuit for its position, *see supra* n.7, and leans heavily on Judge Navarro's position in this district allowing snap removal under a "plain reading" of 1441(b)(2), *MetLife Home Loans, LLC v. Fid. Nat'l Title Grp., Inc.*, Case No. 2:20-cv-017980GMN-VCF, 2021 WL 4096540 at *4 (D. Nev. Sept. 8, 2021). (ECF No. 32 at 4–6). U.S. Bank Trustee contends that the Ninth Circuit has "explicitly rejected the argument that 1441(b)…expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969).[9]

This is not the court's first say on snap removal. The court adopts its prior reasoning from *U.S. Bank Trustee*, *Wells Fargo Bank*, and *Carrington*.[10] *See U.S. Bank Trustee,* 2020 WL 7360680, *Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes **at least one party has been served**." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4 ("The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.").

---

[8] The ubiquity of electronic docketing has also contributed to the rise in snap removals. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." (emphasis added).

[9] While *Preaseau* did not explicitly consider "snap removal," its interpretation of 1441(b) is instructive.

[10] The court's reasoning has been endorsed by Judges Dorsey and Gordon. *HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621.

**James C. Mahan**
**U.S. District Judge**

- 6 -

Chicago Title forcefully asserts that this court errantly relied on *Gentile* to remand recent "snap" removed cases because *Gentile* is "directly at odds with [a statement] from the First Circuit in *Novak*," the controlling authority over the *Gentile* district court. (ECF No. 32 at 6). Even assuming *arguendo* that this is true, the First Circuit's decisions are not binding on this court.

The court reiterates its prior reasoning that "Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants." *U.S. Bank Trustee,* 2020 WL 7360680, at *4. To the extent there is ambiguity here—including uncertainty and unsettled law in the Ninth Circuit—the court resolves the ambiguity in favor of remand. *Gaus*, 980 F.2d at 566; *Hunter* 582 F.3d 1039.

Accordingly, because no defendant had been served prior to Chicago Title's removal, this case must be remanded.

### IV.    CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank Trustee's motion to remand (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-832212-C, and CLOSE this case.

DATED April 21, 2022.

_____
UNITED STATES DISTRICT JUDGE